```
1  MARGARITA J MORENO
2  C/O 9321 SAN MIGUEL AVE
   SOUTH GATE CA 90280
3  323 605-6006
4  Pro Se
```

I/S 21 days



United States District Court

California Central District

Los Angeles Division

| | |
|---|---|
| MARGARITA J MORENO,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, NORTHWEST TRUSTEE SERVICES, INC., GREEN TREE SERVICING, LLC, MERSCORP HOLDINGS, INC., OCWEN FINANCIAL CORPORATION f/k/a EXECUTIVE TRUSTEE SERVICES, LLC dba OFC f/k/a ETS SERVICE, , GMAC MORTGAGE, LLC, Donna Yeowon Oh, Shahed Shahandeh, RCO LEGAL, PS, Does 1-10, inclusive,<br><br>Defendants. | Case No: CV15-199 PLA<br><br>COMPLAINT FOR DAMAGES FOR DEBT COLLECTION VIOLATIONS<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

MARGARTIA J MORENO, "MORENO," demands relief and trial by jury, as set forth herein, waiving 14th Amendment benefits, and makes this statement of

claim and statement upon which relief can be granted Complaint against Defendants as follows:

*Jurisdiction*

*Subject Matter*

1. For the purpose of this action, MORENO is a consumer.

2. The subject of the within action is violations by Defendants of the Fair Debt Collection Practices Act, "FDCPA."

3. Jurisdiction in this case is founded upon 15 U.S.C. 1692k, and is exempt from amount in controversy jurisdictional limitations.

*Personal*

4. Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION, "FNMA," is a publicly traded, private, formerly funded, congressionally created and chartered body corporate association under Title III Section 302, 12 U.S.C. 1717(a)(1) of the National Housing Act, MICHAEL J WILLIAMS, Chief Executive Officer, principal office in the DISTRICT OFC COLUMBIA, at the address 4000 Wisconsin Ave NW, WASHINGTON, DISTRICT OFC COLUMBIA 20016.

5. Defendant NORTHWEST TRUSTEE SERVICES, INC., "NTS," STEPHEN ROUTH, President, Treasurer and Chairman, has its office at the address 13555 SE 36TH ST, STE 100, Bellevue WA 98006. The identified registered agent for service of process with the business entity detail of the California Secretary of State, C T CORPORATION SYSTEM, Joe D'Avanzo, agent, at the service address 818 West Seventh Street, Los Angeles, CA 90017, has denied that it is the agent, and has authority to accept service of process on behalf of NTS.

6. Defendant GREEN TREE SERVICING, LLC, "GTS," CHERYL A COLLINS, Chief Financial Officer, has its office at the address 345 St Peter Street, Suite 300 Landmark Towers, St Paul MN 55102 F Corey, agent, at the service address 1209 Orange Street, Wilmington, DE 19801.

7. Defendant MERSCORP HOLDINGS, INC., "MERS," 5034916, also known as MERSCORP HOLDINGS, INC., 2915165 is a Delaware corporation, also known as MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., 2990193, also known as MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., 2543543 BILL BECKMANN, President and Chief Executive Officer, has its office at 1818 Library Street, Suite 300, Reston, VA 20190, various named agents for service of process: RL&F SERVICE CORP., at the service address 920 N King St Fl 2, Wilmington, DE 19801; THE CORPORATION TRUST COMPANY, at the service address CORPORATION TRUST CENTER, 1209 Orange St, Wilmington, DE 19801; THE PRENTICE-HALL CORPORATION SYSTEM, INC., at the service address 2711 Centerville Road Suite 400, Wilmington, DE 19808.

8. OCWEN FINANCIAL CORPORATION, "OFC," is a foreign limited liability company, and successor to Defendant EXECUTIVE TRUSTEE SERVICES, LLC dba OFC f/k/a ETS SERVICE, LLC, "OFC f/k/a ETS," JOHN V. BRITTI, Chief Financial Officer, and Executive Vice President, with offices at 2002 Summit Boulevard, Ste 600 Atlanta GA 30319.

9. OFC is subject to all claims asserted against OFC f/k/a ETS for engaging in deceptive activities and practices in connection with the collection of alleged debt against MARGARITA MORENO, and operating as a public debt collector in Florida, without bond or license, in violation of 15 U.S.C. §1692a(6).

10. Defendant GMAC MORTGAGE, LLC, "GMAC," CHERYL A COLLINS, Chief Financial Officer, has its registered office in MINNESOTA, at the address 345 St Peter Street, Suite 300 Landmark Towers, St Paul MN 55102.

11. Defendant Donna Yeowon Oh, "Oh," is an individual, acting outside of lawful and legal capacity in knowingly prosecuting and continuing in the prosecution of an action without legal authority or protection in connection with the collection of a debt.

12. Defendant Shahed Shahandeh, "SS," is an individual, acting outside of lawful and legal capacity in knowingly prosecuting and continuing in the prosecution of an action without legal authority or protection in connection with the collection of a debt.

13. Defendant RCO LEGAL PS, "RCO," is a law corporation engaged in the collection of debts, and in in knowingly prosecuting and continuing in the prosecution of an action without legal authority and while non-compliant with California's licensing and debt collection law.

14. Defendants Oh, SS and RCO engaged in debt collection activities and practices which violate federal and California debt collection law, and law regulating the practice of law in California. These defendants knew that RCO was ineligible to practice law or bring a claim in its name in any court at the time and place of the filing of the lawsuit against MORENO.

*Venue*

15. MORENO at all times relevant is domiciled within the County and Judicial District of this Court.

16. The Complaint is based upon the actions by the third party debt collector Defendants in the STATE of CALIFORNIA, County of LOS ANGELES, the judicial DISTRICT or similar legal entity, during the violations alleged.

*Fact Summary*

17. ComUnity Lending, Inc., "CUL," formerly operated as a lending company in California.

18. On or about April 03, 2007, CUL provided MORENO access to MORENO's consumer credit, memorialized in Note 1000135174, "Note."

19. A Deed of Trust transfer in trust covenant interest running with Land was recorded in the office of the Los Angeles County Recorder as document number 20070853680, "DOT," Note security.

20. The consideration for access, was for MORENO to tender payments to CUL in the full amount of credit accessed, plus interest.

21. On January 04, 2008 CUL filed a voluntary petition in bankruptcy for reorganization under Chapter 11.

22. On November 26, 2008, CUL's voluntary petition for reorganization under Chapter 11, was converted to Chapter 7 liquidation.

23. There was no notice to MORENO that CUL, its agents or attorneys or its Chapter 7 Trustee Suzanne Decker, that the debt agreement Note and security Deed of Trust had been assigned.

24. At no time was MORENO in default under the agreement with CUL.

25. MORENO was not in breach of the contract with CUL.

26. Mortgage insurance against default was part of MORENO's consumer credit transaction with CUL.

27. MORENO performed all conditions required to be performed under the contract with CUL.

28. The actions of the debt collector defendants, Oh, SS, RCO, OFC f/k/a ETS, NTS, MERS, GMAC violated debt collection law

*OFC f/k/a OFC f/k/a ETS*

29. On May 14, 2009, OFC f/k/a ETS, a debt collector, began a foreclosure process against MORENO with a Notice of Default, "NOD."

30. OFC f/k/a ETS false representation of authority to collect debt in California against MORENO, by conducting Trustee Sale No. CGM-278026-C while having the entity status of "SURRENDER" with the Office of the California Secretary of State.

31. OFC f/k/a ETS false representation of right to collect alleged debt as trustee constitutes engaging in conduct the natural consequence of which harassed, oppressed and abused MORENO in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

32. OFC f/k/a ETS' false representation of right to collect alleged debt as trustee in California was a false, deceptive and misleading representations and means in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692e.

33. OFC f/k/a ETS' false representation of being qualified to do business in California, is an unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

34. OFC f/k/a ETS had not been appointed successor trustee as required under California nonjudicial foreclosure law.

35. OFC f/k/a ETS, an unauthorized trustee, engaged in conduct the natural consequence of which harassed, oppressed and abused MORENO in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692d.

36. OFC f/k/a ETS, an unauthorized trustee, used false, deceptive and misleading representations and means in connection with the collection of an alleged debt the natural consequence of which harassed, oppressed and abused MORENO in connection with the collection of a debt in violation of 15 U.S.C. 1692e.

37. OFC f/k/a ETS', false representation of being an authorized trustee, is an unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

38. On March 04, 2011, OFC f/k/a ETS caused the execution and recording a second NOD naming GMAC as lender and beneficiary of the MORENO Note owner authority as successor DOT trustee, where such authority had not been granted and did not exist.

39. OFC f/k/a ETS false representation of right to execute and record the NOD in the public record as trustee, and such conduct constitutes engaging in conduct the natural consequence of which harassed, oppressed and abused MORENO in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

40. OFC f/k/a ETS' false representation of right to execute and the NOD in the public record as trustee is a false, deceptive and misleading representation and

means in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692e.

41. OFC f/k/a ETS' false representation of authority to execute and record the NOD in the public record, is an unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

## NTS

42. On January 04, 2014, by registered mail no. RE 342 634 020 US, MORENO sent written notice of debt dispute to GREEN TREE SERVICING LLC and NORTHWEST TRUSTEE SERVICES, "NTS."

43. On August 01, 2013 NTS began a foreclosure process against MORENO with a "NOD."

44. NTS had not been appointed successor trustee as required under California nonjudicial foreclosure law.

45. NTS was not acting on behalf of an entity that had actual physical possession of the Note.

46. NTS falsely represented that the Creditor was also the Servicer, GREEN TREE SERVICING LLC.

47. NTS, an unauthorized trustee, engaged in conduct the natural consequence of which harassed, oppressed and abused MORENO in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692d.

48. NTS, an unauthorized trustee, used false, deceptive and misleading representations and means in connection with the collection of an alleged debt the natural consequence of which harassed, oppressed and abused MORENO in connection with the collection of a debt in violation of 15 U.S.C. 1692e.

49. NTS' false representation of being an authorized trustee, is an unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

50. On March 04, 2011, NTS caused the execution and recording a second NOD naming GMAC as lender and beneficiary of the MORENO Note owner authority as successor DOT trustee, where such authority had not been granted and did not exist.

51. NTS false representation of right to execute and record the NOD in the public record as trustee, and such conduct constitutes engaging in conduct the natural consequence of which harassed, oppressed and abused MORENO in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

52. NTS' false representation of right to execute and record the NOD in the public record as trustee is a false, deceptive and misleading representation and means in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692e.

53. NTS' false representation of authority to execute and record the NOD in the public record, is an unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

54. NTS in false representation that it, as the servicer can also be the beneficiary, failed to validate the debt, and such conduct constitutes engaging in conduct the natural consequence of which harassed, oppressed and abused MORENO in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

55. NTS' false representation that it, as the servicer can also be the beneficiary, is a false, deceptive and misleading representation and means in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692e.

56. NTS' representation that the servicer can also be the beneficiary, is an unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

57. NTS' representation that the servicer can also be the beneficiary, constitutes a failure to validate the debt in violation of 15 U.S.C. 1692g.

COMPLAINT FOR DAMAGES

58. On January 29, 2014 NTS filed in the public record the Trustee's Deed Upon Sale, "TDUS," as a title document when it is fact only an instrument to secure alleged debt.

59. The Trustee's sale, under California law, was only of the encumbrance and not the property itself, and no title interest in the property was transferred by the sale.

60. On January 29, 2014 NTS, in recording TDUS and creating the false representation of title ownership in MORENO's property, engaged in conduct the natural consequence of which harassed, oppressed and abused MORENO in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

61. NTS' recording the TDUS to create the false belief of title ownership, is a false, deceptive and misleading representation and means in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692e.

62. NTS' recording the TDUS to create the false belief of title ownership, is an unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

63. NTS' false representation, by publishing of the TDUS form to create the false belief of title ownership, constitutes a failure to validate the debt in violation of 15 U.S.C. 1692g.

*MERS*

64. On February 22, 2011, MERS executed an assignment of deed of trust purporting to grant "the Promissory Note secured by [said] Deed of Trust" naming ComUnity Lending, Incorporated.

65. MERS executed the Assignment of Deed of Trust to GMAC MORTGAGE LLC, which falsely represented to transfer beneficial interest in the Note, where MERS did not hold any interest in the Note.

66. MERS, falsely represented beneficial interest authority to transfer the Note, and such conduct constitutes engaging in conduct the natural consequence of

COMPLAINT FOR DAMAGES

which harassed, oppressed and abused MORENO in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

67. MERS' false representation as nominee beneficiary with authority to transfer the Note is a false, deceptive and misleading representation and means in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692e.

68. MERS' false representation as nominee beneficiary with authority to transfer the Note is an unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

69. MERS, falsely represented itself as a nominee of the bankrupt defunct CUL, and purported to assign a nonexistent beneficial interest in the Note by Assignment to GMAC on February 22, 2011.

70. MERS, falsely represented itself as nominee beneficiary with authority to assign the DOT and transfer the Note, and such conduct constitutes engaging in conduct the natural consequence of which harassed, oppressed and abused MORENO in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

71. MERS' false representation of beneficial interest authority to assign the DOT and transfer the Note is a false, deceptive and misleading representation and means in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692e.

72. MERS' false representation of beneficial interest authority to assign the DOT and transfer the Note is an unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

*GMAC*

73. On February 28, 2011, GMAC executed a Substitution of Trustee purporting to name EXECUTIVE TRUSTEE SERVICES, LLC dba OFC f/k/a ETS SERVICE, LLC as Trustee under the Deed of Trust.

74. GMAC was neither holder of the transferred Note nor assigned DOT, and for that reason the Substitution of Trustee was unauthorized.

COMPLAINT FOR DAMAGES

75. GMAC false representation of ownership of transferred beneficial interest in the Note and DOT from MERS, and such conduct constitutes engaging in conduct the natural consequence of which harassed, oppressed and abused MORENO in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

76. GMAC's false representation of beneficial interest in the Note and DOT from MERS is a false, deceptive and misleading representation and means in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692e.

77. GMAC's false representation of beneficial interest in the Note and DOT from MERS is an unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

### GTS

78. GTS was neither holder of the transferred Note nor assigned DOT from MER, and falsely represented itself as servicer with beneficial interest in the Note and DOT.

79. GTS false representation of ownership of transferred beneficial interest in the Note and DOT, is conduct which constitutes engaging in conduct the natural consequence of which harassed, oppressed and abused MORENO in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

80. GTS' false representation of beneficial interest in the Note and DOT from MERS is a false, deceptive and misleading representation and means in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692e.

81. GTS' false representation of beneficial interest in the Note and DOT from MERS is an unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

82. GTS' representation that it was both the servicer and beneficiary constitutes a failure to validate the debt in violation of 15 U.S.C. 1692g.

83. GTS' failure to validate the debt as legally required and as MORENO demanded, constitutes a failure to validate the debt in violation of 15 U.S.C. 1692g.

COMPLAINT FOR DAMAGES

*FNMA, Oh, SS, RCO*

84. On February 25, 2014, FNMA, Oh, SS and RCO filed into the public record of the Superior Court of California, County of Los Angeles, California, as Case No. 14F01834, an unlawful detainer upon the TDUS falsely stating ownership upon foreclosure pursuant to California Civil Code sections 2924 and 2924f, and right to possession.

85. FNMA was satisfied by mortgage insurance, and did satisfy as an insurer/guarantor, any alleged obligation claimed, for a second time after CU was made whole.

86. The additional satisfaction of the alleged obligation, again extinguished the obligation.

87. FNMA, Oh, SS and RCO falsely represented ownership of MORENO's property in the UD complaint, based upon the illegal sale of the extinguished obligation, and such conduct constitutes engaging in conduct the natural consequence of which harassed, oppressed and abused MORENO in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

88. FNMA, Oh, SS and RCO falsely represented transfer of interest in the property itself and claimed ownership of MORENO's property in the UD complaint, based upon the illegal sale of the extinguished obligation, and such conduct constitutes engaging in conduct the natural consequence of which harassed, oppressed and abused MORENO in connection with the collection of a debt in violation of 15 U.S.C. 1692d

89. FNMA, Oh, SS and RCO's false representation of ownership of MORENO's property in the UD complaint, is a false, deceptive and misleading representation and means in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692e.

COMPLAINT FOR DAMAGES

90. FNMA, Oh, SS and RCO's false representation of ownership of MORENO's property in the UD complaint is an unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

## CIVIL LIABILITY

MORENO demands judgment for injury and harm as a direct and proximate result of each violation, by Defendants, in the statutory sum allowed as follows:

### *OFC f/k/a ETS*

a) For actual damages sustained as a result of the failure to comply with and violation of 15 U.S.C. 1692d, in the statutory amount permitted for each instance of violation in a sum not less than $50,000.00.

b) For actual damages sustained as a result of the failure to comply with and violation of 15 U.S.C. 1692e, in the statutory amount permitted for each instance of violation in a sum not less than $50,000.00.

c) For actual damages sustained as a result of the failure to comply with and violation of 15 U.S.C. 1692f, in the statutory amount permitted for each instance of violation in a sum not less than $50,000.00.

d) The actions of OFC f/k/a ETS were knowingly in violation of law, done with the specific intent to injure MORENO and justify imposition of punitive damages in the sum of $1,000,000.00.

### *NTS*

a) For actual damages sustained as a result of the failure to comply with and violation of 15 U.S.C. 1692d, $1,000.00.

b) For actual damages sustained as a result of the failure to comply with and violation of 15 U.S.C. 1692e, $1,000.00.

c) For actual damages sustained as a result of the failure to comply with and violation of 15 U.S.C. 1692f, $1,000.00.

d) For actual damages sustained as a result of the failure to comply with and violation of 15 U.S.C. 1692g, $1,000.00

COMPLAINT FOR DAMAGES

e) The actions of NTS were knowingly in violation of law, done with the specific intent to injure MORENO and justify imposition of punitive damages in the sum of $1,000,000.00.

### *MERS*

a) For actual damages sustained as a result of the failure to comply with and violation of 15 U.S.C. 1692d, in the statutory amount permitted for each instance of violation in a sum not less than $50,000.00.

b) For actual damages sustained as a result of the failure to comply with and violation of 15 U.S.C. 1692e, in the statutory amount permitted for each instance of violation in a sum not less than $50,000.00.

c) For actual damages sustained as a result of the failure to comply with and violation of 15 U.S.C. 1692f, in the statutory amount permitted for each instance of violation in a sum not less than $50,000.00.

d) The actions of MERS were knowingly in violation of law, done with the specific intent to injure MORENO and justify imposition of punitive damages in the sum of $1,000,000.00.

### *GMAC*

a) For actual damages sustained as a result of the failure to comply with and violation of 15 U.S.C. 1692d, in the statutory amount permitted for each instance of violation in a sum not less than $50,000.00.

b) For actual damages sustained as a result of the failure to comply with and violation of 15 U.S.C. 1692e, in the statutory amount permitted for each instance of violation in a sum not less than $50,000.00.

c) For actual damages sustained as a result of the failure to comply with and violation of 15 U.S.C. 1692f, in the statutory amount permitted for each instance of violation in a sum not less than $50,000.00.

d) The actions of MERS were knowingly in violation of law, done with the specific intent to injure MORENO and justify imposition of punitive damages in the sum of $1,000,000.00.

*GTS*

a) For actual damages sustained as a result of the failure to comply with and violation of 15 U.S.C. 1692d, in the statutory amount permitted for each instance of violation in a sum not less than $50,000.00.

b) For actual damages sustained as a result of the failure to comply with and violation of 15 U.S.C. 1692e, in the statutory amount permitted for each instance of violation in a sum not less than $50,000.00.

c) For actual damages sustained as a result of the failure to comply with and violation of 15 U.S.C. 1692f, in the statutory amount permitted for each instance of violation in a sum not less than $50,000.00.

d) For actual damages sustained as a result of the failure to comply with and violation of 15 U.S.C. 1692g, in the statutory amount permitted for each instance of violation in a sum not less than $50,000.00.

e) The actions of MERS were knowingly in violation of law, done with the specific intent to injure MORENO and justify imposition of punitive damages in the sum of $1,000,000.00.

*FNMA, Oh, SS and RCO*

a) For actual damages sustained as a result of the failure to comply with and violation of 15 U.S.C. 1692d, in the statutory amount permitted for each instance of violation in a sum not less than $50,000.00.

b) For actual damages sustained as a result of the failure to comply with and violation of 15 U.S.C. 1692e, in the statutory amount permitted for each instance of violation in a sum not less than $50,000.00.

COMPLAINT FOR DAMAGES

     c)    For actual damages sustained as a result of the failure to comply with and violation of 15 U.S.C. 1692f, in the statutory amount permitted for each instance of violation in a sum not less than $50,000.00.

     d)    The actions of MERS were knowingly in violation of law, done with the specific intent to injure MORENO and justify imposition of punitive damages in the sum of $1,000,000.00.

WHEREFORE, MORENO demands judgment in the statutory amount, plus all costs of suit.

By reason of the malicious and intentional activity in connection with the Counter Defendants violations, MORENO is entitled to punitive and exemplary damages in the amount of $500,000.00.

### Verification

I affirm that the foregoing is the truth of my own knowledge, under penalty of perjury.

DATED: January 09, 2015

Respectfully submitted,
MARGARITA J MORENO

By: MP

///
///
///

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself [X] )
Marganta J. MORENO

**DEFENDANTS** ( Check box if you are representing yourself [X] )

(b) County of Residence of First Listed Plaintiff: Los Angeles
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Los Angeles
(IN U.S. PLAINTIFF CASES ONLY)

(c) Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.
9321 SAN MIGUEL AVE.
SOUTH GATE CA 90280

Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.
PRO SE
c/o 9321 SAN MIGUEL AVE
SOUTH GATE CA 90280

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
[X] 1. U.S. Government Plaintiff
[ ] 2. U.S. Government Defendant
[ ] 3. Federal Question (U.S. Government Not a Party)
[ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only

**IV. ORIGIN** (Place an X in one box only.)
[ ] 1. Original Proceeding
[ ] 2. Removed from State Court
[ ] 3. Remanded from Appellate Court
[ ] 4. Reinstated or Reopened
[ ] 5. Transferred from Another District (Specify)
[ ] 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes [X] No    **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only).

[X] 480 Consumer Credit

**FOR OFFICE USE ONLY:** Case Number: **CV15-199**

CV-71 (10/14)    CIVIL COVER SHEET    Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court?<br>☐ Yes ☒ No<br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br>☐ Yes ☒ No<br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there.<br>☐ NO. Continue to Question B.2. |
|---|---|---|
| | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there.<br>☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br>☐ Yes ☐ No<br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there.<br>☐ NO. Continue to Question C.2. |
|---|---|---|
| | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there.<br>☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| D.1. Is there at least one answer in Column A?<br>☐ Yes ☒ No<br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | D.2. Is there at least one answer in Column B?<br>☐ Yes ☒ No<br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |
|---|---|

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | Western Division |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☐ No |

CV-71 (10/14)  CIVIL COVER SHEET  Page 2 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court?  ☒ NO  ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed in this court?  ☒ NO  ☐ YES

If yes, list case number(s):

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):**   DATE: 08-09-15

Notice to Counsel/Parties: The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

1 MARGARITA J MORENO
2 C/O 9321 SAN MIGUEL AVE
  SOUTH GATE CA 90280
3
4 Pro Se
5
6
7
8
9
10              United States District Court
11               California Central District
12                 Los Angeles Division
13 MARGARITA J MORENO,                | Case No.:
14      Plaintiff,
15      vs.                            | ACTION ATTACHMENT
16 FEDERAL NATIONAL MORTGAGE           | DEMAND FOR JURY TRIAL
17 ASSOCIATION, NORTHWEST
   TRUSTEE SERVICES, INC., GREEN
18 TREE SERVICING, LLC, MERSCORP
19 HOLDINGS, INC., OCWEN
   FINANCIAL f/k/a EXECUTIVE
20 TRUSTEE SERVICES, LLC dba OF
21 f/k/a ETS SERVICE, , GMAC
   MORTGAGE, LLC, Donna Yeowon Oh,
22 Shahed Shahandeh, RCO LEGAL, PS,
23 Does 1-10, inclusive,
24      Defendants.
25 ///
26 ///
27
28

- 1- of – 2 -
SUMMONS CIVIL - ATTACHMENT