**O**
**JS-6**

# United States District Court
# Central District of California

| | |
|---|---|
| MARGARITA J. MORENO, <br><br>          Plaintiff, <br><br>    v. <br><br>FEDERAL NATIONALMORTGAGE ASSOCIATION; NORTHWEST TRUSTEE SERVICES, INC.; GREEN TREE SERVICING, LLC; MERSCORP HOLDINGS, INC.; OCWEN FINANCIAL CORPORATION f/k/a EXECUTIVE TRUSTEE SERVICES, LLC dba OFC f/k/a ETS SERVICE; GMAC MORTGAGE, LCC; DONNA YEOWON OH; SHAHED SHAHANDEH; RCO LEGAL; PS; DOES 1–10, inclusive, <br><br>          Defendants. | Case No. 2:15-cv-00199-ODW <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [9]** |

## I. INTRODUCTION

Plaintiff Margarita J. Moreno ("Moreno") brought this suit against the various debt collection agencies involved in her mortgage default and the subsequent foreclosure and sale of her property. Defendants Green Tree Servicing LLC ("Green

Tree"), Mortgage Electronic Registration Systems, Inc. (erroneously sued as Merscorp Holdings, Inc.) ("MERS"), Federal National Mortgage Association ("Fannie Mae"), and, by means of joinder, Northwest Trustee Services, Inc. ("Northwest") (collectively "Defendants") now move to dismiss Moreno's claims for insufficient factual pleadings and because an earlier judgment against her in a unlawful detainer action bars the current action under res judicata. As a result of the res judicata bar to subsequent claims concerning Moreno's foreclosure and the statute of limitations bar to all other claims, the Court **GRANTS** Defendants' Motion to Dismiss with prejudice.[1] (ECF No. 9.)

## II. FACTUAL BACKGROUND

On April 3, 2007, Moreno obtained a home loan in the original principal amount of $258,000 from Community Lending Incorporated. (Mot. 2.) A Deed of Trust secured Moreno's loan, encumbering real property located at 9321 San Miguel Avenue, South Gate, California ("Property"). (*Id.*; RJN, Ex. 1.) The listed beneficiary of the Deed of Trust was MERS and they were irrevocably granted the power of sale for the Property should the necessary payments fail to be made. (RJN, Ex. 1.)

On May 14, 2009, because Moreno had defaulted on her loan, a Notice of Default was recorded and a Substitution of Trustee was filed naming ETS Services, LLC as Trustee. (*Id.*, Exs. 2–3.) On February 22, 2011, the Deed of Trust was properly assigned to GMAC Mortgage, LLC, and then to Green Tree on June 28, 2013. (*Id.*, Exs. 4–5.) On August 2, 2013, another Notice of Default was recorded showing Moreno was $57,051.18 in default. (*Id.*, Ex. 6.) On December 19, 2013, a Notice of Trustee's Sale was recorded after Moreno failed to address her default. (*Id.*, Ex. 7.) On January 15, 2014, the foreclosure auction was held and Fannie Mae purchased the Deed of Trust. (*Id.*, Ex. 8.) On January 29, 2014, the Trustee's Deed

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

Upon Sale was recorded. (*Id.*) Following the sale, Moreno remained in default and refused to vacate the Property. (*Id.*, Ex. 9.) On February 25, 2014, Fannie Mae filed an unlawful detainer action against Moreno in the Los Angeles Superior Court of California. (*Id.*) On April 21, 2014, judgment was entered in favor of Fannie Mae, granting restitution and legal possession of the Property. (*Id.*, Ex. 10.)

On January 9, 2015, Moreno filed the current action against Defendants and several others, alleging that (1) Defendants falsely represented themselves in the default and foreclosure proceedings; (2) did not have the authority or right to conduct such proceedings; and (3) that their conduct was unconscionable and had the natural result of harassing, oppressing, and abusing her in connection with their collection of the debt.[2] (Compl. ¶¶ 42–72, 78–90.) Moreno asserts that these acts are violations of 15 U.S.C. §§ 1692d–g and, in accordance with § 1692k, federal jurisdiction over her claims exists. (*Id.*) On March 23, 2015, Defendants, excluding Northwest, filed a Motion to Dismiss and Request for Judicial Notice. (ECF Nos. 9, 9 Attach. 1–2.) Soon thereafter, Northwest joined the Motion to Dismiss. (ECF No. 14.) Moreno has failed to submit any opposition. Defendants' Motion to Dismiss is now before the Court for consideration.

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 484 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter,

---

[2] Moreno's Complaint contains various other allegations regarding the conduct of Defendants but the Court finds that they essentially boil down to the abovementioned claims.

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, a court should freely give leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

### A. Statute of Limitations Bars the Majority of the Current Action

A claim for violations of the Federal Debt Collections Practice Act ("FDCPA") may only be brought "within one year from the date on which the violation occurs." 15 U.S.C § 1692k(d). Though Defendants do not raise this argument in their Motion, the Court recognizes that the vast majority of the events that took place through Moreno's default and foreclosure process occurred more than one year before the filing date. (RJN, Exs. 1–9.) Because Moreno filed her Complaint on January 9, 2015, the only events still within the statute of limitations were the foreclosure auction, January 15, 2014, and recording the Trustee's Deed Upon Sale, January 29, 2014. Therefore, **all claims other than those against Northwest and Fannie Mae regarding actions that occurred after January 9, 2014, are DISMISSED**. The

remaining claims survive because the alleged conduct involves the foreclosure auction, the sale of the Deed of Trust to Fannie Mae by Northwest, and the conduct leading up to, and including, Fannie Mae's unlawful detainer suit. (*Id.*, Exs. 8–10.)

### B.     Res Judicata Bars the Remaining Claims in the Current Action

While the federal court system is distinct and separate from that of a state, 28 U.S.C. § 1738 requires that federal courts give full faith and credit to state court judgments. *E.g., San Remo Hotel, L.P. v. City & Cnty. Of San Francisco*, 545 U.S. 323, 336 (2005). As a result, a federal court must give a state court judgment the same preclusive effect as would be given by the same state's courts. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). "This statute has long been understood to encompass the doctrines of res judicata, or 'claim preclusion,' and collateral estoppel, or 'issue preclusion.'" *Id.*; *see also Allen v. McCurry,* 449 U.S. 90, 94–96 (1980). These doctrines operate as a complete bar to re-litigating the same case after a final judgment has been entered; the introduction of different requests for relief or different legal theories of recovery does not diminish the preclusive effect of the state court judgment. *Clark v. Yosemite Cmty. Coll. Dist.*, 785 F.2d 781, 786 (9th Cir. 1986).

A defendant is entitled to raise the issue of preclusion as an affirmative defense by way of a motion to dismiss. *E.g., Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). The doctrines of res judicata and collateral estoppel ensure justice by preventing repeated litigation of issues that have previously been resolved by the courts. *See San Remo Hotel*, 545 U.S. at 336 ("The general rule implemented by the full faith and credit statute . . . predates the Republic."). "Under res judicata, a final judgment on the merits of an action precludes the parties . . . from re-litigating issues that were or could have been raised in that action." *Allen*, 449 U.S. at 94. Accordingly, when a party has had a fair opportunity to litigate an issue and does not succeed, that party may not disguise the claim as something else or bring essentially the same claim in a different court in hopes of burdening defendant once more.

Because the unlawful detainer action was decided in California state court, this Court must apply California's laws of res judicata. *See Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523–25 (1986) ("We hold, therefore, that the Court of Appeals erred by refusing to consider the possible preclusive effect, under Alabama law, of the state-court judgment."); *see also Thomas v. Hous. Auth. Of The Cnty. Of Los Angeles*, No. CV 04-6970MMMRCX, 2005 WL 6136432, at *4 (C.D. Cal. June 3, 2005) ("Because the judgment at issue here was rendered by a California state court, California's laws of res judicata and claim preclusion applies."). Under California law, res judicata applies if there is: "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the parties." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).

*1. The Claims Herein Are the Same as in the Prior Judgment*

The only claims remaining are those alleging that Northwest was not a trustee and had no authority to sell the Deed of Trust to Fannie Mae, and similarly that after the purchase Fannie Mae falsely represented that it owned the Property. In order to succeed in its unlawful detainer action, Fannie Mae "had prove that the property was sold in accordance with section 2924 of the Civil Code under a power of sale and that title under the sale has been duly perfected." *Malkoskie v. Option One Mortgage Corp.*, 188 Cal. App. 4th 968, 794 (2010). Essentially, Fannie Mae had to prove that it acted properly and with authority to take possession of the Property.

The state court issued a judgment in favor of Fannie Mae and granted legal possession of the Property, an outcome showing that the court "necessarily adjudicated issues relating to the propriety of the foreclosure."[3] *See Castle v. Mortg. Elec. Registration Sys., Inc.*, No. EDCV 11-00538 VAP, 2011 WL 3626560, at *9 (C.D. Cal. Aug. 16, 2011). Additionally, "[u]nder such unlawful detainer statutes[,] [validity of] title to the extent required by section 1161a [Code of Civil Procedure] not only may but *must* be tried." *Bliss v. Security-First Nat. Bank of Los Angeles,* 81 Cal.

---

[3] For this reason, collateral estoppel would also be appropriate for the current action.

1 App. 2d 50, 58 (1947); *see Malkoskie*, 188 Cal. App. 4th at 974. Therefore, Moreno's claims could have easily been brought into the unlawful detainer action because the court based its judgment on the analysis of the same facts necessary for both claims.[4] Because "the Unlawful Detainer Action and the instant action seek to vindicate the same primary right," Moreno already had the opportunity to make her claims heard. *Castle*, 2011 WL 3626560, at *9.

   *2. A Final Judgment on the Merits Was Entered*

   The Los Angeles Superior Court entered judgment against Moreno in Fannie Mae's unlawful detainer action on April 21, 2014, declaring Fannie Mae the lawful possessor of the Property. (RJN, Ex. 10.) Moreno did not appeal this judgment and the appeal period has since ended, making this the final judgment regarding the propriety of Fannie Mae's possession of the Property.

   *3. The Identity of the Parties in Both Actions Are the Same*

   Moreno was the defendant in the unlawful detainer action previously brought in state court by Fannie Mae and res judicata is asserted against her. *See Castle*, 2011 WL 3626560 at *9 (holding parties were the same for the purpose of res judicata when defendant had won an unlawful detainer action against plaintiff in state court, even though some defendants were not a party to the state action); *Malkoskie*, 188 Cal. App. 4th at 826 (holding that a non-similar defendant, who is being sued on the same grounds as the plaintiff from the unlawful detainer, "is also entitled to use the judgment as a shield, despite not having been a party to the unlawful detainer."). Similar to the new defendants in *Castle* and *Malkoskie*, Northwest is a new party in the Complaint and is being sued on the exact same bases as Fannie Mae but is still entitled to assert res judicata as a defense against Moreno's claims.

   Thus, all of the necessary elements of res judicata have been established. The

---

[4] While 15 U.S.C. § 1692k(d) expressly provides that federal courts will have jurisdiction over these claims regardless of the amount in controversy, it also states that actions may be brought "in any other court of competent jurisdiction." In this case, the Los Angeles Superior Court of California was "of competent jurisdiction."

judgment issued in the unlawful detainer action bars all claims by Moreno that assert Fannie Mae and Northwest acted fraudulently and without authority in the process of foreclosing on the Property.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Dismiss with prejudice.[5] (ECF No. 9.)

**IT IS SO ORDERED.**

July 23, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[5] Dismissal was also proper on the grounds that the Complaint was completely void of any facts describing Defendants' conduct. Furthermore, Defendants offer several additional persuasive arguments as to why their Motion should be granted that the Court acknowledges but, having found dismissal to be proper on other grounds, does not discuss. (Mot. 4–10.) The Court also acknowledges that Moreno failed to file an opposition to Defendants' Motion to Dismiss but, instead of granting dismissal automatically in accordance with L.R. 7-12, the Court wished to put the underlying issue behind Moreno's suit to rest and prevent its return in the future.